UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN FERRIER

VERSUS

CP MARINE SERVICES, LLC, ET AL.

CIVIL ACTION

NO: 25-2286

SECTION: "A" (4)

## **ORDER AND REASONS**

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 21)** filed by the plaintiff, Jonathan Ferrier. The defendants, CP Marine Services, LLC and T & M Holdings, LLC., oppose the motion <u>in part</u>. The motion, submitted for consideration on August 5, 2026, is before the Court on the briefs without oral argument.

Jonathan Ferrier filed this complaint alleging significant injuries sustained while working as a deckhand aboard the M/V DOUGLAS on April 6, 2025. Ferrier named as defendants CP Marine Services, LLC, Ten Mile Exchange, LLC, and T & M Holdings, LLC. Ferrier alleges that CP Marine was his employer. (Rec. Doc. 12, Amended Complaint ¶ 5). It is undisputed that T & M Holdings was the titled owner of the M/V DOUGLAS.

T & M Holdings, as owner of the DOUGLAS, filed a limitation complaint on August 3, 2026, which was assigned Civil Action no. 26-1694. The limitation proceeding was transferred to this section and consolidated with Ferrier's complaint. (Rec. Doc. 32, Consolidation Order).

A settlement conference before the magistrate judge is scheduled for September

1

22, 2026. (Rec. Doc. 20, Settlement conference order).

A jury trial is scheduled for October 26, 2026. (Rec. Doc. 9, Scheduling Order).

Ferrier now moves for partial summary judgment on two issues: 1) that he qualifies as a Jones Act seaman; and 2) that CP Marine served as owner pro hac vice or bareboat charterer of the DOUGLAS on April 6, 2025 (the date of the incident), and as such was both Ferrier's Jones Act employer and the entity responsible for the vessel's alleged unseaworthiness.

Ferrier does not seek resolution of any disputed issues regarding negligence, causation, or damages. But Ferrier has appended to his prayer for relief a request to dismiss T & M Holdings from this matter *without* prejudice—a request that has been met with stiff opposition.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus.*

2

*Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

No party disputes Ferrier's status as a Jones Act seaman. Ferrier's motion for partial summary judgment is therefore GRANTED as to seaman status.

Ferrier and T & M Holdings are aligned in the contention that CP Marine was operating the DOUGLAS pursuant to a bareboat charter at the time of the incident. Joseph Dardar, a partner in CP Marine, testified at his deposition that CP Marine operates the DOUGLAS pursuant to a bareboat charter.[1] (Rec. Doc. 21-6, Dardar deposition at 10). And in response to Ferrier's uncontested fact no. 10, CP Marine admitted without qualification that CP Marine is the owner pro hac vice of the M/V DOUGLAS. (Rec. Doc. 26-1).

CP Marine seems to have changed course. CP Marine now opposes the

---

[1] Dardar also testified that CP Marine was the owner pro hac vice of the DOUGLAS. (Dardar deposition at 11).

contention that it was operating the DOUGLAS pursuant to a bareboat charter because no written bareboat charter agreement existed. But the record does include a Memorandum of Verbal Bareboat Charter Agreement between CP Marine and T and M Holdings evincing the existence of a bareboat charter. (Rec. Doc. 26-2, Exhibit A). The Court is persuaded that Ferrier has established that CP Marine served as owner pro hac vice pursuant to a bareboat charter of the DOUGLAS in effect on the day of his accident. Ferrier's motion for partial summary judgment is therefore GRANTED as to this issue.

Finally, Ferrier seeks a without prejudice dismissal of T & M Holdings, relief which CP Marine and T & M Holdings oppose. In his reply, Ferrier seems to acknowledge that he is not entitled to this relief, and the Court agrees. Ferrier's request to dismiss T & M Holdings from this action without prejudice is therefore DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 21)** filed by the plaintiff, Jonathan Ferrier, is **GRANTED IN PART AND DENIED IN PART** as explained above.

August 12, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4