UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF T&M HOLDINGS, AS OWNER OF THE M/V DOUGLAS, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 25-2286 c/w 26-1694<br>SECTION:<br>JUDGE JAY C. ZAINEY<br>MAGISTRATE JUDGE KAREN WELLS ROBY<br>ADMIRALTY - Rule 9(h) |

**ANSWER TO LIMITATION CLAIM AND THIRD-PARTY CLAIM**

**NOW INTO COURT**, through undersigned counsel, comes Limitation Petitioner, T&M Holdings, LLC, (hereinafter "TMH" or "Limitation Petitioner"), as owner of the M/V DOUGLAS, its tackle, gear, furniture, appurtenances, etc. ("the Vessel"), who files its Answer and Affirmative Defenses to the Claim in Limitation ("Claim") [R. Doc. 5; c/a 26-1694] filed on behalf of Claimants, CP Marine Services, LLC ("CP Marine") and Ten Mile Exchange, LLC ("Ten Mile") (collectively "Claimants") and its Third-Party Claim against Natalie Jean Marine, LLC, as follows:

**FIRST DEFENSE**

The Claim fails to state a cause and/or right of action upon which relief may be granted.

**ANSWER**

**NOW**, in answering the specific allegations and denying all liability or fault whatsoever, TMH avers upon information and belief as follows:

1.

The allegations contained in Paragraph 1 of the Claim are admitted.

2.

The allegations contained in Paragraph 2 of the Claim are admitted.



#112343760v1

3.

The allegations contained in Paragraph 3 of the Claim are admitted.

4.

The allegations contained in Paragraph 4 of the Claim are admitted.

5.

The allegations contained in Paragraph 5 of the Claim are admitted insofar as the Vessel was delivered to CP Marine under an oral bareboat charter. TMH denies that the Vessel's lighting was deficient in any way and that it was unchanged for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Claim are denied.

7.

The allegations contained in Paragraph 7 of the Claim are denied.

8.

The allegations contained in Paragraph 8 of the Claim are denied.

9.

The allegations contained in Paragraph 9 of the Claim are denied.

* * * * *

To the extent that an answer may be required, TMH denies the Preamble, the Prayer for Relief, the "Wherefore" Paragraph, and any unnumbered allegations contained in the Claim.

**SECOND DEFENSE**

The acts and omissions of third parties for whom TMH is not responsible were a superseding, intervening and/or independent cause of Claimants' alleged injuries and damages.

**THIRD DEFENSE**

CP Marine is contractually obligated to defend and indemnify TMH against Jonathan Ferris's alleged injuries and damages.

**FOURTH DEFENSE**

TMH did not know, and in the exercise of reasonable care, could not have known, of any alleged act and/or omission of which Claimants complain and any other party's knowledge of any alleged act and/or omission cannot be imputed to TMH.

**FIFTH DEFENSE**

At all material times, TMH acted with reasonable care under the circumstances, and no act of TMH was a proximate, contributing, or substantial cause of any alleged claims herein.

**SIXTH DEFENSE**

TMH denies that it is jointly and severally liable *in solido* with any other party and denies that it is liable for the fault of any other party named or unnamed.

**SEVENTH DEFENSE**

TMH specifically pleads the affirmative defense of comparative fault/contributory negligence to the extent any claims may be barred, in whole or in part, due to Claimants' own comparative fault/contributory negligence or the comparative fault/contributory negligence of third parties, which have not been made a party to this suit and/or for which TMH is not responsible, which fault was the direct, proximate or contributing cause to the alleged damages.

**EIGHTH DEFENSE**

Without waiving the foregoing defenses, to the extent applicable, TMH avers that the Vessel was seaworthy and, even if an unseaworthy condition existed, which is denied, TMH did not have privity or knowledge of the unseaworthy condition. Further, if TMH is found liable, which

is denied, it is entitled to limit its liability to the value of the Vessel, and her freight then pending, pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*.

**NINTH DEFENSE**

TMH reserves the right to file additional defenses, affirmative defenses, and claims, including but not limited to counterclaims, cross-claims, and/or claims against third parties as further discovery in this matter may warrant or require.

**THIRD-PARTY CLAIM**

**NOW**, assuming the role of Third-Party Plaintiff, pursuant to Rule 14 of the Federal Rules of Civil Procedure, TMH offers this Third-Party Claim against Natalie Jean Marine, LLC ("Natalie Jean") as follows:

1.

At all times pertinent hereto, Limitation Petitioner, was and is a limited liability company organized and existing pursuant to the laws of the State of Louisiana. TMH is authorized to do and doing business within the jurisdiction of this Honorable Court and the State of Louisiana.

2.

At all material times, TMH owned the M/V DOUGLAS (hereinafter, "the Vessel").

3.

Upon information and belief, Third-Party Defendant, Natalie Jean, is a limited liability company formed under the laws of the State of Louisiana with its principal place of business in Harvey, Louisiana

4.

The Court has admiralty and maritime jurisdiction of this Third-Party Claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333. Venue is proper in this

District as the alleged accident took place within this District. Venue is also proper pursuant to 28 USCS § 1391, as Natalie Jean resides in this judicial district.

5.

At all material times, TMH was and still is the sole record owner of the Vessel.

6.

On April 6, 2025, Claimant Jonathan Ferrier ("Ferrier") fractured his leg while working on the Vessel, which was under the command and control of Ferrier's employer, CP Marine.

7.

After recuperating from the leg fracture and being released to full duty work by his treating physicians, Ferrier went to work for Natalie Jean for several months beginning on or about October 3, 2026.

8.

On September 30, 2025, Natalie Jean sent Ferrier to a pre-hire medical evaluation as required by the Coast Guard to determine his fitness to work as a deckhand. At this medical evaluation, the physician hired by Natalie Jean found that Ferrier was not fit to work as a mariner due to his Type I diabetes, but that he was able to perform the rigorous physical work requirements of deckhands. During the Coast Guard physical, Ferrier denied that he had a leg injury at that time.

9.

Natalie Jean Marine hired Ferrier as a deckhand.

10.

A Natalie Jean supervisor has testified that he noticed Ferrier walking with a limp about a month into his period of employment with Natalie Jean.

11.

Around that same time, on November 4, 2025, Ferrier reported right knee symptoms for the first time to Dr. Neal Duplantier. Ferrier sought further medical treatment from this and other medical providers thereafter.

12.

Claimant, CP Marine, then paid Ferrier maintenance and cure as a result of his medical treatment commencing on November 4, 2025, through present and into the future.

13.

As the referenced evidence and other evidence indicates, Ferrier sustained his right knee injury while working for Natalie Jean on its vessel. With respect to Ferrier's knee injury, Natalie Jean would accordingly be responsible for providing Ferrier maintenance and cure and would be liable for negligence and/or unseaworthiness to the extent the knee injury was not caused by Ferrier's own fault.

14.

In the event it is found that Ferrier sustained a new injury while employed by Natalie Jean on or about November 3, 2025, and that TMH is found liable in tort, or liable to pay maintenance and cure to or on behalf of Ferrier for that injury, TMH is entitled to tort indemnity and contribution from Natalie Jean, seeking recovery of any sums from Natalie Jean to the extent of its liability.

15.

In the event it is found that TMH is found liable in tort or liable under the law of unseaworthiness, or liable to pay maintenance and cure to or on behalf of Ferrier for that injury, TMH is entitled to tort indemnity and contribution from Natalie Jean, seeking recovery of any sums from Natalie Jean to the extent of its liability and its obligation to pay maintenance and cure.

* * * * *

**WHEREFORE**, Limitation Petitioner, T&M Holdings, LLC, prays as follows:

1. That its Answer and Affirmative Defenses be deemed good and sufficient
2. That its Third-Party Claim be deemed good and sufficient; and
3. That in the event that any Judgment be entered or recovery made against T&M Holdings, LLC, that there be Judgment in T&M Holdings, LLC's favor in like amount over and against Natalie Jean Marine, LLC, for contribution, reimbursement or otherwise.

Dated: September 8, 2026.

Respectfully submitted,

*/s/ Austin S. Glascoe*

ALFRED R. RUFTY (La. Bar No. 19990)
AUSTIN S. GLASCOE (La. Bar No. 38236)
JONES WALKER, LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8238
Facsimile: (504) 589-8238
E-Mail: aglascoe@joneswalker.com
arfuty@joneswalker.com

***Attorneys for Limitation Petitioner, T&M Holdings, LLC***